UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re. | No. C 06-3549 SI (pr) |
| ROBERT CHRISTOPHER JIMENEZ,<br>   Petitioner. | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Robert Christopher Jimenez, currently in custody in the California State Prison - Solano, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Jimenez's petition provides the following information. He was convicted in 2004 in Santa Clara County of murder and apparently of being a felon in possession of a firearm. He was sentenced on July 16, 2004 to 75 years to life in prison. Jimenez appealed. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also 28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition has several problems which require amendment. First, Jimenez did not identify a proper respondent in his petition. The proper respondent for a prisoner challenging a conviction is the warden of the prison in which the prisoner is housed. Jimenez therefore must insert the name of the warden of his prison as the respondent on the first page of his amended petition. If he does not name a proper respondent in his amended petition, the court will not have jurisdiction over this case and will dismiss it. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).[1]

Second, the petition is partially illegible. There are some words that the court simply cannot read in the petition. Jimenez must use greater care in preparing his amended petition and write more clearly. Although the court accepts handwritten documents from prisoners, those documents must be legible. There is no possibility that the court will grant relief when it cannot even read what the party is requesting.

---

[1] The court earlier had ordered Jimenez to file an amendment naming the warden and to pay the filing fee. See Aug. 2, 2006 Order. That order never reached petitioner due to a clerical mistake, i.e., the docket sheet and envelope had the incorrect prisoner number for Jimenez. The incorrect prisoner number caused the envelope containing the order to be returned undelivered. The filing fee was paid as ordered, but the amendment was not filed. Because of the several problems with the petition, the court now orders that petitioner file an amended petition to cure all the defects, rather than an amendment that cures only the defect of the unnamed respondent.

Third, the petition is too lacking in detail to warrant a response from the respondent. Jimenez contends that his attorney was ineffective, but he does not adequately explain the specific deficiencies in counsel's performance or how the deficiencies impacted his trial. For example, he states that counsel "failed to investigate of the circumstances of the case and explore all avenues leading to facts relevant to the merits of the case." Petition, p. 8. Jimenez does not identify any particular investigation that should have been performed, does not identify to what defense(s) such an investigation would have been relevant, and does not explain how it would have been relevant to any particular defense(s). Each of the various deficiencies of counsel is similarly lacking in detail. Jimenez must file an amended petition in which he explains the factual basis for his claims. Sometimes it is helpful for the petitioner to attach to his federal habeas petition a copy of his state court appeal brief if he has asserted the claims in that brief that he wants this court to consider.

Fourth, it is unclear whether state court remedies were exhausted as to all or any of the claims presented in Jimenez's federal habeas petition. The exhaustion rule requires that a prisoner in state custody who wishes to challenge collaterally in federal habeas proceedings either the fact or length of his confinement must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim he seeks to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "'the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). Jimenez did not answer the question on the form that asked if he had presented his present claims in his state court appeal and listed the claims in the part of the petition that asked if any of the claims had not been presented in state court. See Petition, pp. 3-4, 6. If he has not exhausted his state court remedies, he should do so promptly to avoid having his habeas petition dismissed as untimely under the habeas statute of limitations. See 28 U.S.C. § 2244(d).

3

**CONCLUSION**

For the foregoing reasons, the petition is DISMISSED with leave to amend. Jimenez must file an amended petition no later than **December 8, 2006**. This action will be dismissed if an amended petition is not filed by the deadline that cures the deficiencies identified in this order.

The clerk shall correct the docket to reflect that Jimenez's CDC # is H-64687 and be sure to use that number on the envelope in which this order is mailed to Jimenez.

IT IS SO ORDERED.

DATED: October 30, 2006

SUSAN ILLSTON
United States District Judge