UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CHRISTOPHER JIMENEZ,<br><br>    Petitioner,<br><br>  v.<br><br>D. SISTO, warden,<br><br>    Respondent.<br>                                        / | No. C 06-3549 SI (pr)<br><br>**ORDER TO SHOW CAUSE** |

### INTRODUCTION

Robert Christopher Jimenez, an inmate at the California State Prison - Solano, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court reviewed the petition and dismissed it with leave to amend. Jimenez then filed a document entitled "order of amend" on December 6, 2006, which is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

### BACKGROUND

Normally, an amended petition would supersede the original petition, but that will not be the case here as the document filed on December 6, 2006, does not provide enough information and cannot be understood as a stand-alone document. The court construes the "order of amend" filed on December 6, 2006, to be an amendment to the original petition and reviews the petition

and that amendment together.

Jimenez's original petition provides the following information. He was convicted in 2004 in Santa Clara County of murder and apparently of being a felon in possession of a firearm. He was sentenced on July 16, 2004 to 75 years to life in prison. Jimenez appealed. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Jimenez alleges in his petition and amendment thereto that he received ineffective assistance of counsel in that counsel failed to investigate and make a helpful argument at the sentencing phase of his case, failed to explain the district attorney's plea bargain offer, did not investigate the case thoroughly, failed to argue that "possession of a firearm is distinctly antecedent and separate from the primary offense," "order of amend," p. 3, and failed to inform Jimenez of a conflict of interest. Liberally construed, the petition and amendment plead a cognizable habeas claim for a violation of Jimenez's Sixth Amendment right to effective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

The court cautions Jimenez for the second time that his handwriting is extremely difficult to read. Jimenez must use greater care in preparing his filings and write more clearly – perhaps

printing instead of cursive writing.  Although the court accepts handwritten documents from prisoners, those documents must be legible.  There is no possibility that the court will grant relief when it cannot read or understand what the party is requesting.

## CONCLUSION

For the foregoing reasons,

1. The ineffective assistance of counsel claims are cognizable in federal habeas and warrant a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all the materials in the case file upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **February 23, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of the transcript of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent on or before **March 30, 2007**.

IT IS SO ORDERED.

DATED:  December 18, 2006

SUSAN ILLSTON
United States District Judge