UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CHRISTOPHER JIMENEZ, | No. C 06-3549 SI (pr) |
| Petitioner, | **ORDER REQUIRING ELECTION BY PETITIONER ON UNEXHAUSTED CLAIMS** |
| v. | |
| D. SISTO, warden, | |
| Respondent. | |

## INTRODUCTION

Robert Christopher Jimenez, an inmate at the California State Prison - Solano, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court issued an order to show cause why the writ should not be granted. Respondent filed an answer in which he asserted that state judicial remedies had not been exhausted for most of the claims in the petition. Jimenez filed a responsive document but did not dispute that his claims were not exhausted. For the reasons discussed below, Jimenez will be required to choose what to do about the unexhausted claims in his petition.

## BACKGROUND

Jimenez was convicted in 2004 in Santa Clara County of murder and being a felon in possession of a firearm. Sentence enhancement allegations were found true. He was sentenced to a total of 70 years to life in state prison. Jimenez appealed. The California Court of Appeal affirmed his conviction and the California Supreme Court denied his petition for review. Jimenez did not file any state habeas petitions challenging his conviction.

In the order to show cause, the court determined that Jimenez had alleged five ineffective assistance of trial counsel claims in his petition and amendment thereto. Jimenez alleged that he received ineffective assistance of counsel in that counsel (1) failed to investigate and make a helpful argument at the sentencing phase of his case, (2) failed to explain the district attorney's plea bargain offer, (3) did not investigate the case thoroughly, (4) failed to argue that possession of a firearm is distinctly antecedent and separate from the primary offense, and (5) failed to inform Jimenez of a conflict of interest. Respondent asserted in his answer that claims 2, 3, and 5 were not presented to the California Supreme Court. Respondent also contended that Jimenez already received the relief requested in Claim 4 when the California Court of Appeal stayed part of his sentence – which may explain why Claim 4 also was not mentioned in the petition for review.

## DISCUSSION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "'the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted).

The court has compared Jimenez's federal habeas petition with the petition for review he filed in the California Supreme Court. See Resp. Exh. E. The ineffective assistance of counsel claims in his federal petition identified as Claims 2, 3, 4, and 5 were not included in his petition for review. Claim 1 was the only claim presented to the California Supreme Court. The California Supreme Court has not had a fair opportunity to rule on the merits of Claims 2, 3, 4, and 5 because they were not included in the petition for review and Jimenez did not file any

2

collateral challenge to his conviction in that court. State court remedies have not been exhausted for Claims 2, 3, 4, and 5.

Jimenez's petition contains both exhausted and unexhausted claims and therefore is what is referred to as a "mixed" petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005). The court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. See Rose v. Lundy, 455 U.S. at 522.

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2244(d), the court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Jimenez the opportunity to elect whether to proceed with just his exhausted claim, or to try to exhaust the unexhausted claims before having this court consider all five claims. Accordingly, instead of an outright dismissal of the action, the court will allow Jimenez to choose whether he wants to –

(1) dismiss the unexhausted claims and go forward in this action with only the exhausted claim, or

(2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or

(3) file a motion for a stay of these proceedings while he exhausts his unexhausted claims in the California Supreme Court.

Jimenez is cautioned that the options have risks and drawbacks he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claim, he may face dismissal of any later-filed petition. See 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition may be rejected as time-barred. See 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claim, and to return to this court. And under option (3), this action stalls: this court will do nothing further to

3

resolve the case while petitioner is diligently seeking relief in state court.

In <u>Rhines</u>, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions. The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." <u>Rhines</u>, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. <u>Id.</u> at 277-78. Any stay must be limited in time to avoid indefinite delay. <u>Id.</u> Reasonable time limits would be 30 days to get to state court, as long as necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. <u>See id.</u> at 278; <u>Kelly v. Small</u>, 315 F.3d 1063, 1071 (9th Cir. 2003).

**CONCLUSION**

The petition is a mixed petition. Petitioner must serve and file no later than **June 20, 2008**, a notice in which he states whether he elects to (1) dismiss the unexhausted claims and go forward in this action with only the remaining claim, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) moves for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims. If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under option ___ provided in the court's Order Requiring Election." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), petitioner must file a motion for a stay in which he explains why he failed to exhaust his unexhausted

4

1 claims in state court before presenting them to this court, that his claims are not meritless, and
2 that he is not intentionally delaying resolution of his constitutional claims.  He must serve and
3 file the motion for a stay no later than **June 20, 2008**.  If petitioner does not choose one of the
4 three options or file a motion by the deadline, the court will dismiss the unexhausted claims.

   IT IS SO ORDERED.

DATED: May 1, 2008

_____
SUSAN ILLSTON
United States District Judge